DECISION
Plaintiff has appealed the value of his home, identified as Account R251114, for the 2007-08 tax year. Defendant filed a Motion to Dismiss (motion) for Plaintiff's failure to pursue the statutory right of appeal or to meet the alternative requirements of ORS 305.288(1). The court addressed the motion with the parties at a proceeding held August 8, 2008. Plaintiff appeared on his own behalf and Defendant was represented by Leslie Cech.
 I. STATEMENT OF FACTS
The appeal involves Plaintiff's home. The real market value (RMV) of the home for the 2007-08 tax year, for purposes of property assessment and taxation, is $696,480, and the assessed value (AV) is $386,020. Plaintiff bought the home on December 15, 2006, for $589,000, and has requested a reduction in RMV to that amount. Plaintiff did not appeal the value to the county board of property tax appeals (board). Plaintiff's appeal to the Tax Court was filed May 23, 2008.
Defendant asks that the case be dismissed because the claim is one that can be heard by the board; Plaintiff did not appeal to the board; direct appeal to the Tax Court is not authorized by statute; and the court does not have jurisdiction under ORS 305.288(1) because Plaintiff has not requested a reduction in value of at least 20 percent. *Page 2 
 II. ANALYSIS
Taxpayers unhappy with the value of their property must appeal first to the board and then to the Tax Court. Taxpayers are required to file a petition with the board "during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 309.100(2).[1] The board's order may be appealed to the Oregon Tax Court. ORS 309.110(7). Taxpayers have 30 days within which to appeal the board's order. ORS 305.280(4). The appeal to the Tax Court is filed with the Magistrate Division, as provided in ORS 305.275(1), and "is from an order of the board as a result of [an] appeal filed under ORS309.100[,]" as set forth in ORS 305.275(3).
Plaintiff's tax year 2007-08 property tax statement was mailed in October 2007. ORS 311.250(1). Plaintiff had until December 31, 2007, to petition the board. Plaintiff missed that deadline. In certain limited circumstances, the court can consider an appeal and order a reduction in value where a taxpayer does not timely appeal to the board. Seegenerally ORS 305.288.
One instance in which the court can order a reduction in value, notwithstanding the taxpayer's failure to timely petition the board, is where there is an allegation of an error in the RMV of the property of at least 20 percent. ORS 305.288(1)(b). Plaintiff in this case has asserted that the RMV of his property as of January 1, 2007, which is the assessment date for the 2007-08 tax year, was actually $589,000 compared to the assessor's roll value of $696,480. The asserted error is 15.4 percent, an amount well below the 20 percent threshold.
The other instance in which the court can order a reduction in value is where the taxpayer has a statutorily satisfactory reason for not timely petitioning the board. The legal requirement, *Page 3 
found in subsection (3) of ORS 305.288, is "good and sufficient cause," defined elsewhere in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer." ORS 305.288(5)(b)(A). When asked by the court, Plaintiff repeatedly referred to January as being the important date for appealing in his mind, and asserted that it is unfair that there was only one time in the year when a person may appeal. The court explained several times that the appeal period ran from mid-October, when tax statements are mailed and received, through December 31 each year. Plaintiff never testified to a particular circumstance that prevented him from appealing to the board before the December 31, 2007, deadline, and certainly not one both extraordinary and beyond his control. Accordingly, Plaintiff has not alleged facts constituting good and sufficient cause.
 III. CONCLUSION
The court concludes that Plaintiff's appeal must be dismissed because Plaintiff did not appeal to the board before appealing to the Tax Court and has not satisfied the requirements of ORS 305.288. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this ____ day of September 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 19,2008. The Court filed and entered this document on September 19,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1